UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN J.,<br><br>          Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,[1]<br><br>          Defendant. | Case No.: 3:23-cv-01005-AHG<br><br>**ORDER GRANTING JOINT MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**[ECF No. 17]** |

  Before the Court is Plaintiff Herman J. ("Plaintiff") and Defendant Martin O'Malley's ("Commissioner" or "Defendant") joint motion for attorney fees. ECF No. 17. Plaintiff seeks a Court award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). *Id*. For the reasons set forth below, the Court **GRANTS** the motion.

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Although Plaintiff originally brought this action against Former Acting Commissioner Kilolo Kijakazi, this case may properly proceed against Martin O'Malley pursuant to 42 U.S.C. § 405(g).

## I. BACKGROUND

The underlying action involves Plaintiff's challenge to the denial of his supplemental social security income benefits. On May 31, 2023, Plaintiff filed a complaint against the acting Commissioner of Social Security. ECF No. 1. Defendant filed the administrative record in lieu of an answer. ECF No. 10. The Court set a scheduling order, requiring formal settlement discussions, a Joint Status Report be filed by September 21, 2023, and a Joint Motion for Judicial Review of Final Decision of the Commissioner of Social Security ("Joint Motion for Judicial Review") be filed by December 21, 2023. ECF No. 11. On December 21, 2023, the parties timely filed their Joint Motion for Judicial Review, which identified two disputed issues—whether the ALJ erred in his evaluation of Plaintiff's testimony and whether the ALJ erred in assessing the opinions of the state agency reviewing psychological consultants. ECF No. 14. On September 30, 2024, the Court issued its Order, reversing the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) and remanding for calculation and award of benefits to Plaintiff. ECF No. 15. A Clerk's Judgment in Plaintiff's favor was entered the same date. ECF No. 16. The instant motion follows.

The parties jointly request that Plaintiff's counsel receive compensation for 35.03 hours of work, at $244.62 per hour, and counsel's paralegals receive compensation for 1.57 hours of work at $179.00 per hour and 0.70 hours of work at $195.00 per hour, with the total request discounted[2] to $8,000.00. ECF Nos. 17, 17-3.

## II. THRESHOLD ISSUE OF TIMELINESS

According to the EAJA, an application for fees must be filed "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A final judgment is "a judgment that is final

---

[2] In Plaintiff's itemization of fees, the total fee was calculated to be $8,941.01. ECF No. 17-3 at 2–3. In the parties' joint motion, the agreed amount requested was $8,000.00, which they refer to as "a compromise settlement[.]" ECF No. 17 at 2.

and not appealable . . . ." 28 U.S.C. § 2412(d)(2)(G). The Ninth Circuit has held that the EAJA's 30-day filing period does not begin to run until after the 60-day appeal period in Federal Rule of Appellate Procedure 4(a).[3] *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 612 (9th Cir. 2007).

Here, the parties filed the motion for EAJA fees on October 23, 2024, 23 days after judgment was entered on September 30, 2024. Therefore, at first blush, the motion before the Court may seem premature, since it was filed before the end of the 60-day appeal period. *See Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986) ("Section 2412(d)(1)(B) establishes a clear date *after which* applications for attorney fees must be rejected as untimely; 30 days after final judgment. The statute is less clear about a time *before which* applications must be rejected.").

However, the *Auke Bay* court explained that even where the appeal period has not yet run, an application for EAJA attorney fees is nonetheless timely "if (1) the applicant files *no more than* 30 days after final judgment, and (2) the applicant is able to show that he or she 'is a prevailing party and is eligible to receive an award under this subsection.'" *Id.* (emphasis added) (quoting 28 U.S.C. § 2412(d)(1)(B)). Thus, an early application is timely where "a court order substantially grants the applicant's remedy before final judgment is entered" such that the applicant is able to show that she has prevailed. *Auke Bay*, 779 F.2d at 1393. The Court finds that these criteria are met here, such that the joint motion for EAJA fees is timely. *See, e.g.*, *Dickey v. Colvin*, No. 14-CV-00629-WHO, 2015 WL 575986, at *3 (N.D. Cal. Feb. 10, 2015) (applying *Auke Bay* to conclude a plaintiff's EAJA fee motion was not premature in a Social Security case, although the motion was filed before the 60-day appeal period had run, where the court had remanded for payment

---

[3] Federal Rule of Appellate Procedure 4(a) provides that a "notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from" if one of the parties is the United States or a United States officer sued in an official capacity. Fed. R. App. P. 4(a)(1)(B).

of benefits rather than further proceedings) (citing *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Here, the Court substantially granted Plaintiff's remedy before entry of final judgment, by reversing the final decision of the Commissioner and remanding for payment of benefits rather than for further proceedings. *See* ECF No. 15. Therefore, the Court finds the joint motion is timely.

## III. DISCUSSION

Under the EAJA, a litigant is entitled to attorney fees and costs if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005). *See also* 28 U.S.C. § 2412(a), (d). The Court will address these elements in turn.

### A.   Prevailing party

A plaintiff is a prevailing party if he "has 'succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit.'" *Ulugalu v. Berryhill*, No. 17cv1087-GPC-JLB, 2018 WL 2012330, at *2 (S.D. Cal. Apr. 30, 2018) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). Here, Plaintiff is the prevailing party because the Court reversed the Commissioner's denial of disability benefits and remanded the case to the ALJ for the calculation and award of benefits. ECF No. 15; *see Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded"); *Beatriz B. v. Saul*, No. 19cv785-AHG, 2020 WL 5203371, at *2 (S.D. Cal. Sept. 1, 2020) (finding that plaintiff was prevailing party when court reversed the Commissioner's decision and remanded for calculation and award of benefits).

### B.   Substantial justification

The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. 2412(d)(1)(A). *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here,

the parties have stipulated to the EAJA amount, and explain that the stipulation "constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees[.]" ECF No. 17 at 2. Although Defendant's stipulation "does not constitute an admission of liability" on its part, (*Id.*), the compromise nature of the request is sufficient to find the second element met, given that "Defendant has stipulated to the attorney[] fees and does not argue that the prevailing party's position was substantially unjustified." *Krebs v. Berryhill*, 16cv3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018); *see also Black v. Berryhill*, No. 18cv1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (finding the second element met because, "in light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified."). Accordingly, the Court finds no basis to deny the EAJA fee request pursuant to § 2412(d)(1)(A).

## C.  Reasonableness of Hours

"A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. [] Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Lang v. Saul*, No. 1:18cv1605-SKO, 2020 WL 4339496, at *4 (E.D. Cal. July 28, 2020) (internal citations and quotation marks omitted).

Plaintiff seeks a fee award for 35.03 hours billed by Plaintiff's counsel. ECF No. 17-3 at 2–3. The Court finds that the hours billed by Plaintiff's counsel are reasonable. *See* 28 U.S.C. § 2412(d); *Nadarajah*, 569 F.3d at 918; *see also Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating the Ninth Circuit's previous position that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.' [] As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'") (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112–13 (9th Cir. 2008)); *see, e.g.*, *Costa*, 690 F.3d at 1136 (noting "[m]any district

courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *Henderson v. Comm'r of Soc. Sec.*, No. 1:20-cv-0562-JLT, 2021 WL 2457540, at *3 (E.D. Cal. June 16, 2021) (finding that 26 hours billed by plaintiff's counsel and 5.4 hours billed by paralegals a reasonable number of hours); *Mendoza v. Saul*, No. 18cv925-SKO, 2020 WL 406773, at *4 (E.D. Cal. Jan 24, 2020) (finding that 32.4 hours billed by plaintiff's counsel a reasonable number of hours); *Dean v. Astrue*, No. CIV-S-07-0529-DAD, 2009 WL 800174, at *2 (E.D. Cal. Mar. 25, 2009) (finding that 41 hours billed by plaintiff's counsel a reasonable number of hours, noting it was at the upper end, where parties stipulated to remand shortly after plaintiff had filed her motion for summary judgment).

Plaintiff also seeks a fee award for 2.27 hours billed by Plaintiff's counsel's paralegals. ECF No. 17-3 at 2–3. Paralegal fees are also recoverable fees under the EAJA. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (stating "we think EAJA … must be interpreted as using the term 'attorney… fees' to reach fees for paralegal services as well as compensation for the attorney's personal labor.") (ellipses in original); *see also Nadarajah*, 569 F.3d at 918 (a prevailing party may recover reasonable paralegal fees). However, time spent by a paralegal on clerical matters is not recoverable, as this should be subsumed in law firm overhead rather than billed at paralegal rates. *Nadarajah*, 569 F.3d at 921; *Cano v. Kijakazi*, No. EDCV-21-1572-JPR, 2023 WL 8663771, at *2 (C.D. Cal. Jul. 17, 2023) ("Purely clerical or secretarial tasks, such as mailing and filing documents, are not compensable at paralegal or attorney rates or indeed at all; rather, they are part of an attorney's overhead."); *see, e.g.*, *Victoria C. v. Kijakazi*, No. 23-cv-01030-JLB, 2023 WL 5737788 at *3 (S.D. Cal. Aug. 31, 2023) ("Purely clerical tasks include 'filing, transcript, and document organization.'"). Here, two paralegal entries include clerical tasks and the Court excludes them from the EAJA fee award. ECF No. 17-3 at 2 (billing 0.17 hours when paralegal "sent completed Consent to Proceed [before a Magistrate Judge] to client to sign and return; sent to Southern District fed court"); *id.* (billing 0.17 hours when paralegal "rec[eive]d and consolidated e-car to consultant

att[orne]y and assigned att[orne]y"). The Court notes that Plaintiff concedes that these tasks are clerical by labeling them as such. ECF No. 17-3 at 2 (itemization of attorney support services includes a section for "assistants/clerical" and "paralegal"); *see Deshawantha J. v. O'Malley*, No. 24cv301-JLB, 2024 WL 3330602, at *2 (S.D. Cal. July 8, 2024) (deducting the total hours "attributed to an employee who appears solely under the 'clerical' billing rate on the itemized list," including for "receipt and review" of orders and "receipt and assemble CAR"). The remaining 1.93 hours of paralegal time, however, appear reasonable and appropriate.

### D.  Reasonableness of Hourly Rate

The EAJA provides that the Court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). As noted, the statutory maximum EAJA rate for work performed in 2023 in the Ninth Circuit, factoring in increases in the cost of living, was $244.62. *See* United States Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Oct. 28, 2024); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases") (citing 28 U.S.C. § 2412(d)(2)(A)); *see, e.g.*, *Black*, 2019 WL 2436393, at *1 (considering the Ninth Circuit's hourly EAJA rate a reasonable rate). Consistent with the Ninth Circuit's hourly EAJA rates, Plaintiff's counsel billed at a rate of $244.62 for work performed in 2023. ECF No. 17-3 at 2–3. As such, the Court finds that the hourly rate billed by counsel is reasonable.

The Court finds, however, that Plaintiff's paralegal rate is not reasonable. Plaintiff assigns hourly rates of $150.00 and $195.00 for paralegal work. ECF No. 17-3 at 3. "District Courts in the Southern District of California have found an hourly rate of $143.00

reasonable for paralegals' work and have reduced paralegal rates that are even slightly above that." *Deshawantha J.*, 2024 WL 3330602, at *2 (reducing the requested paralegal rate from $179.00 per hour to $143.00 per hour, for work performed in 2024 by paralegal); *see, e.g.*, *Victoria C.*, 2023 WL 5737788 at *3 (reducing the requested paralegal rate of $160.00 per hour to $143.00 per hour, for work performed in 2023 by paralegal). Plaintiff's counsel does not provide any information to support his paralegal rates, such as the paralegal's experience, relevant case law, or local fee reports. Without more information, the Court declines to deviate from the accepted local rate and accordingly reduces the paralegal rate to $143.00 per hour. *See, e.g.*, *Gary P. v. O'Malley*, No. 23cv563-AHG, 2024 WL 3746263, at *3 (S.D. Cal. Aug. 9, 2024) (finding that Plaintiff's citations to U.S. Consumer Law Attorney Fee Survey Report, Laffey Matrix, and USAO Fee Matrix did not support a $179.00 rate for paralegals in San Diego, and reducing the paralegal rate to $143.00 per hour); *Deshawantha J.*, 2024 WL 3330602, at *2 (collecting cases that recently reduced the paralegal rate to $143.00 per hour); *Jacqueline K. v. Kijakazi*, No. 21cv405-AHG, 2022 WL 17884451, at *3 (S.D. Cal. Dec. 23, 2022) (reducing requested paralegal rate from $150.00 to $143.00 per hour).

### E.  Assignment of Rights to Counsel

Plaintiff requests that, if the Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will pay such fees directly to Plaintiff's attorney, pursuant to the waiver executed by Plaintiff. ECF No. 17 at 2; *see also* ECF No. 17-2 at 1 ("Fee Agreement – Federal Court" signed by Plaintiff stating that "I hereby assign any court awarded EAJA attorney fees to my attorney.") (emphasis omitted).

The Supreme Court has held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010). Nonetheless, "district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu*, 2018 WL 2012330, at *4–5 (reviewing Plaintiff's

assignment agreement and ordering that the EAJA fees be paid to plaintiff's counsel, subject to any administrative offset due to outstanding federal debt); *Bell v. Berryhill*, No. 16cv809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018) (same); *Blackwell v. Astrue*, No. CIV-08-1454-EFB, 2011 WL 1077765, at *4–5 (E.D. Cal. Mar. 21, 2011) (same); *see also Calderon v. Astrue*, No. 08cv1015-GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 21, 2010) ("Plaintiff, as the prevailing litigant, would normally be awarded the fees described above, subject to any offset for applicable government debts. Defendant, however, seems to be content to permit payment to Plaintiff's counsel if Plaintiff does not have any qualifying government debt . . . . This Court finds the government's position to be reasonable and will therefore permit payment to Plaintiff's counsel provided Plaintiff has no government debt that requires offset").

Here, Plaintiff assigned his right to EAJA fees to his attorney at the Law Office of Bill LaTour. ECF No. 17-2. Accordingly, if Plaintiff has no federal debt that is subject to offset, the award of fees and costs may be paid directly to Plaintiff's counsel, Bill LaTour[4] of the Law Office of Bill LaTour, pursuant to the assignment and in accordance with the parties' Joint Motion. *See* ECF No. 17 at 2.

## IV.  CONCLUSION

The Court finds that a reduction of Plaintiff's counsel's paralegal fee request is warranted. The remainder of Plaintiff's fee request is reasonable. As such, the total reasonable fee amount is calculated as follows: 35.03 hours of attorney work at a rate of $244.62 per hour, for a product of $8,569.04; and 1.93 hours of paralegal work at a rate of $143.00 per hour, for a product of $275.99. However, as noted above, the parties reached

---

[4] The Court notes that Mr. LaTour has not made an appearance in this case, nor did he sign the instant motion. Instead, Mark Ver Planck is Plaintiff's attorney assigned to this case. *See, e.g.*, ECF No. 17-3 at 2 (itemization of attorney services is solely for the work of Mr. Ver Planck). However, the instant motion makes clear that the parties jointly request that "payment of fees, to be made directly to BILL LA TOUR, LAW OFFICE OF BILL LA TOUR." ECF No. 17 at 2 (emphasis in original).

a compromise settlement and have requested attorney fees in the discounted amount of $8,000.00. ECF No. 17 at 2. This negotiated amount incorporates the Court's deductions and is acceptable to the Court.

Accordingly, for the reasons set forth above, the Court hereby **ORDERS** that:

1. The parties' Joint Motion for Attorney Fees Pursuant to the EAJA (ECF No. 17) is **GRANTED**;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of **$8,000.00**; and

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel, the Law Office of Bill LaTour.

**IT IS SO ORDERED.**

Dated: October 28, 2024

Honorable Allison H. Goddard
United States Magistrate Judge